Filed 10/9/14  P. v. Reece CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>LARRY THOMAS REECE,<br><br>    Defendant and Respondent. | H038356<br>(Monterey County<br>Super. Ct. Nos. SS101428A,<br>SS110117A) |

Defendant Larry Thomas Reece was sentenced in two cases to a total of five years, eight months in prison for petty theft with priors (Pen. Code, §§ 666, 484, subd. (a), 667.5, subd. (b))[1] and cocaine possession (Health & Saf. Code, § 11350, subd. (a)).  The sentences were imposed before October 1, 2011, the effective date of the Criminal Justice Realignment Act of 2011 (Realignment Act), but not executed until after that date.  We previously published an opinion in this matter, which the Supreme Court has directed we vacate and reconsider in light of its decision in *People v. Scott* (2014) 58 Cal.4th 1415 (*Scott*).

**I.      BACKGROUND**

The following background is identical to that in our previous decision.  In April 2011, the superior court sentenced defendant to a total of five years, eight months in prison as follows: in case No. SS101428A, the upper term of three years for petty theft with prior theft convictions (§§ 666, 484, subd. (a)), plus one year for each of two prior

---

[1]  Unspecified statutory references are to the Penal Code.

prison terms (§ 667.5, subd. (b)); and in case No. SS110117A, eight months consecutive for possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)). In exchange for defendant's guilty pleas and admissions of the prior prison terms, a "crime on bail" enhancement under section 12022.1 and a misdemeanor paraphernalia charge under Business and Professions Code section 4140 were dismissed in case No. SS110117A pursuant to section 1385. In each case, by agreement, the court suspended execution of the sentence, placed defendant on probation, and referred him to participate in drug treatment court.

In January 2012, the People filed a petition to revoke probation, alleging that defendant had been discharged from a court-ordered drug treatment program for possessing a cellular phone. Defendant admitted the violation in February 2012 and the trial court determined that the suspended sentences would be executed. After hearing arguments regarding the incarceration location, the superior court concluded section 1170, subdivision (h), required defendant to serve his sentence in county jail rather than state prison.

## II. DISCUSSION

The outcome of this appeal is now controlled by the Supreme Court's decision in *Scott*. Scott pleaded guilty to a felony in return for probation and the trial court suspended execution of a seven-year prison sentence in June 2009. In December 2011, the trial court revoked Scott's probation and executed the previously imposed sentence. Because the sentence was executed after October 1, 2011, the trial court determined that the Realignment Act applied and ordered Scott to serve his felony sentence in county jail rather than state prison. (*Scott, supra,* 58 Cal.4th at pp. 1420-1421.)

Under the Realignment Act, "low-level felony offenders who have neither current nor prior convictions for serious or violent offenses, who are not required to register as sex offenders and who are not subject to an enhancement for multiple felonies involving fraud or embezzlement," serve their sentences for specified offenses in county jail rather

2

than state prison. (*Scott, supra,* 58 Cal.4th at p. 1418.) The Supreme Court granted review in *Scott* to resolve a conflict in court of appeal decisions regarding interpretation of section 1170, subdivision (h)(6) (hereafter section 1170(h)(6)), which provides that " '[t]he sentencing changes made by the [Realignment Act] ... *shall be applied prospectively to any person sentenced on or after October 1, 2011.*' " (*Scott,* at p. 1421, quoting § 1170(h)(6), original italics.) Although under the foregoing language the Realignment Act does not apply to felons whose sentences were imposed *and executed* before October 1, 2011, the *Scott* court noted that "the meaning of the term 'sentenced' in section 1170(h)(6) is potentially ambiguous regarding felony offenders ... whose state prison terms of incarceration were imposed but execution was suspended pending successful completion of a term of probation prior to October 1, 2011, and who subsequent to October 1, 2011, have their probation revoked and are ordered to serve the previously imposed term of incarceration." (*Scott,* at p. 1421.)

To resolve the ambiguity, the court looked to its decision in *People v. Howard* (1997) 16 Cal.4th 1081 (*Howard*), where it "discussed the distinction between suspending imposition of a sentence and suspending execution of a sentence." (*Scott, supra,* 58 Cal.4th at p. 1423.) When a court initially suspends imposition of sentence, upon revocation of probation the sentencing court retains "full sentencing discretion ... ." (*Howard*, at p. 1087.) However, the *Howard* court explained that when a court imposes a sentence but suspends its *execution*, "[o]n revocation of probation ... the sentencing judge must order that exact sentence into effect ... ." (*Id.* at p. 1088.) The *Scott* court applied that reasoning to section 1170(h)(6), finding that "a defendant is 'sentenced' when a judgment imposing punishment is pronounced even if execution of the sentence is then suspended." (*Scott,* at p. 1423.) Thus, the court concluded "that the Realignment Act is not applicable to defendants who have had a state prison sentence imposed and suspended prior to October 1, 2011." (*Id.* at p. 1426.)

3

Here, the trial court imposed state prison sentences in April 2011 and suspended execution of those sentences pending defendant's successful completion of probation. Upon revocation of probation in March 2012, the court executed the sentences and ordered that they be served in county jail. In light of the Supreme Court's conclusion in *Scott* that the Realignment Act does not apply to sentences imposed before October 1, 2011 but executed after that date, the trial court erred in committing defendant to county jail.

## III.     DISPOSITION

The judgment is reversed and the matter remanded for further proceedings consistent with this opinion.

_____

Grover, J.

**WE CONCUR:**

_____

Premo, Acting P.J.

_____

Mihara, J.